FREDERICK von NIEDA, PROSECUTOR, v. HAROLD W. BEN-
NETT, GEORGE E. BRUNNER, FRANK J. HARTMAN, Jr.,
MARY WALSH KOBUS AND FREDERICK von NIEDA,
BOARD OF COMMISSIONERS OF THE CITY OF CAM-
DEN, AND THE CITY OF CAMDEN, DEFENDANTS.

Decided August 30, 1935.

For the prosecutor, *S. Rusling Leap.*

For the defendants, *Grover C. Richman* and *Carl Kis-
selman.*

LLOYD, J.   Two resolutions are presented under these rules
to show cause.   One of them purporting to select Mr. George
E. Brunner, a member of the board of commissioners of the
city of Camden, to preside at the meetings of the board, and
designating him as mayor of the city of Camden and head
of the department of parks and public property;  the other
designating Mrs. Mary Walsh Kobus, a member of the board
of commissioners, as the director of public safety.

At the organization of the board of commissioners as then
constituted in May, 1935, Mr. Frederick von Nieda was desig-
nated as mayor of the city to preside over the board meetings
and assigned to the department of public safety.   Thereafter
at a special meeting of the commissioners on August 1st, 1935
(a change by and through a recount having resulted in a
change in the membership of the board) the resolutions above
recited were passed.

Upon petition, rules to show cause why these resolutions
should not be *certioraried* into the Supreme Court for deter-

mination of their legality were granted by me and made returnable on August 26th. In pursuance of these rules depositions have been taken and from them the foregoing facts appear.

In considering the first resolution it is only necessary to say that in the case of *Woolley* v. *Flock*, 92 *N. J. L.* 65; 105 *Atl. Rep.* 489, the Supreme Court held that the selection of a mayor under the Walsh act once designated could not be altered in the lifetime of the board, four years next following their taking office. The result is that the selection of Mr. von Nieda was irrevocable and the writ of *certiorari* to review the action of the board in attempting to displace him must be awarded.

As to the second resolution, the Walsh act (*Pamph. L.* 1911, *p.* 462 (*Cum. Supp. Comp. Stat.* 1911-1924, *pp.* 2457 *et seq.,* §§ \*\*136-1 *et seq.; Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 1270 *et seq.,* §§ \*\*136-8 *et seq.*) (as amended) in section 4 (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1270, § \*\*136-8) provides that the mayor may be designated to be director of such department as a majority of the members of said commission shall in their judgment determine, and that the board shall determine the powers and duties to be performed by the several departments. It further provides that the commissioners shall at the first regular meeting designate by majority vote one commissioner to be director of the department of public affairs, one to be director of the department of revenue and finance, one to be director of public safety, one to be director of the department of public works, and one to be director of public parks and property, and that such designation may be changed whenever it appears that the public service would be benefited thereby.

It is contended that the designation of the mayor to be director of a department is as final as that of his selection as mayor, and that the language authorizing changes of directors from time to time applies only to the remaining four members of the commission, but it seems to me the legislation on the subject can by no possibility be given such construction. Originally the statute in terms declared the mayor to be the director of public safety. Subsequently he was

placed in the same category as the other members of the commission and the department to which he should be assigned rested in the hands of the commissioners. By the fourth section the commissioners are authorized to designate the mayor to such department as they may determine, and in the next paragraph of the same section are required at their first regular meeting to allot the whole five departments, and this of course includes the mayor. When, therefore, at its conclusion the section authorizes such changes in assignments as the public interest may require it of necessity included the assignment made to the mayor as well as to the remaining members. Mrs. Kobus was assigned to the department of public safety in place of Mr. von Nieda. It was within the power vested in the board by the statute, and as to the resolution effecting that result the writ of *certiorari* must be denied.